UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD T. SCHAEFER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:08-cv-576-WTL-TAB |
| | ) |
| SCOTT L. TYSON, M.D., | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendant Scott L. Tyson. The motion was filed prior to the filing of the Plaintiff's amended complaint, but the parties have accepted the Court's invitation to brief the motion with regard to the amended complaint. The motion is now fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

*Background*

Plaintiff Ronald T. Schaefer was convicted in federal court of several counts of mail and wire fraud arising out of misrepresentations he made in the course of selling animation cels. Defendant Tyson purchased animation cels from Schaefer, cooperated with the FBI's investigation of Schaefer, and testified against him at his trial.

In his amended complaint, Schaefer alleges that Tyson was the government's "star witness" and that he knowingly gave false testimony against him which led to his conviction. Among other things, Schaefer alleges that Tyson stopped payment on two checks and thereby failed to pay for 19 cels that he purchased from Schaefer, but testified (falsely) that he had paid for the cels in question by later reissuing checks. In addition, Schaefer asserts that Tyson gave

false information to the government about how much he paid for the cels he had purchased that was used by the prosecutor in calculating the amount of customer losses that may have occurred if Schaefer had not been prosecuted. This false testimony and information, Schaefer alleges, had the effect of inflating the loss figure used by the sentencing judge, leading to a greatly increased sentence, from probation to 37 months in prison. Based upon these allegations, the amended complaint asserts a claim for common law fraud, misrepresentation and omission.

In addition, Schaefer alleges that Tyson still retains possession of the 19 cels that he failed to pay for, and thus he asserts claims for replevin and unjust enrichment. In conjunction with his replevin claim, Schaefer purportedly seeks treble damages and attorney fees pursuant to the Indiana Crime Victim Civil Remedy Statute, Ind. Code 34-24-3-1.

*Discussion*

In his initial motion to dismiss, Tyson argued that all of Schaefer's claims were barred by the applicable statutes of limitation. With regard to the fraud claim, it is unnecessary to address this issue, because, as Tyson argues in his reply brief,[1] that claim is clearly barred by the doctrine of witness immunity. "Indiana law affords absolute privilege to statements made in the course of a judicial proceeding" as long as those statements are relevant and pertinent to the litigation. *Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. App. 1998). This privilege applies even to a witness who "publish[es] defamatory material with an improper motive." *Id.* "This rule applies to communications preliminary to a proposed judicial proceeding where the communication has some relation to a proceeding that is reasonably contemplated in good faith and under serious

---

[1] Tyson requested and was granted leave to assert this new argument in his reply brief, and Schaefer was permitted to file a surreply to address it, although the Court notes that while the surreply acknowledges the witness immunity argument, it does not address it in any substantive way.

consideration by the witness or a possible party to the proceeding," and "also applies to communications subsequent to a judicial proceeding, provided, that the communication is related to the proceeding, made in good faith and in contemplation of further proceedings before the trial court or on appeal." *Id.* at 495.

"When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). The allegations in the amended complaint in this case place Schaefer's fraud claim squarely within the witness immunity rule. All of the allegedly false information the complaint asserts was given by Tyson before, during, and after Schaefer's trial was unequivocally relevant to his trial and/or sentencing, and thus Tyson is immune from any tort liability for it. Therefore, the motion to dismiss must be **GRANTED** as to the fraud, misrepresentation and omission claim.

Schaefer's remaining claims for unjust enrichment and replevin are based upon the fact that Tyson retains possession of the 19 cels that he allegedly has never paid for because he stopped payment on the checks he used to purchase them. Tyson argues that these claims are barred by the applicable six-year statute of limitations because the amended complaint alleges that he purchased the cels (and stopped payment on the checks) in 1998 and Schaefer did not file this suit until 2008. "A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005) (internal quotation marks and citation omitted).

Such is the case here with regard to Schaefer's replevin and unjust enrichment claims.

Under the facts pled in the amended complaint, any unjust enrichment claim accrued sometime in 1998, when Schaefer learned that Tyson had stopped payment on the check dated August 1, 1998, and therefore was unjustly enriched by retaining possession of the cels without paying or them. With regard to the replevin claim, it, too, accrued when Schaefer learned that Tyson did not intend to pay for the cels and demanded return of them. *See Tucker v. Capital City Riggers*, 437 N.E.2d 1048, 1051 (Ind. App. 1982) ("When the defendant has obtained the property lawfully, the plaintiff must demand its return and the defendant must refuse before replevin will lie; no demand is necessary, however, when the defendant assumes a position indicating that a demand would be unavailing."). Paragraph 22 of the amended complaint alleges that sometime prior to September 20, 1998, Schaefer informed Tyson that "he was going to be in Pittsburgh and wanted to pick up the nineteen (19) animation art pieces that defendant had stopped payment on." Therefore, on the face of the complaint it is apparent that Schaefer's replevin claim had accrued as of September 20, 1998, but Schaefer's complaint was not filed until almost ten years later, long after the expiration of the six-year statute of limitations.

Schaefer asserts that his replevin claim did not accrue until on or after May 2, 2006, because until that time the FBI had possession of the 19 cels for evidentiary purposes and, he argues, a replevin action can only be brought against a defendant who is in possession of the property at issue. Therefore, it was not until the FBI returned the 19 cels to Tyson when the criminal proceedings had finally run their course and Tyson, in turn, failed to return the cels to Shaefer, that he was able to bring his replevin action. Unfortunately for Schaefer, however, Indiana law is to the contrary.

In *Lou Leventhal Auto Co., Inc. v. Munns*, 328 N.E.2d 734, 741 (Ind. App. 1975), the Indiana Court of Appeals examined the question of whether a replevin action may be brought

4

even though the defendant no longer has possession of the property at issue at the time the action is filed, and held unequivocally that it could. In *Munns*, the plaintiff filed a replevin action against a car dealer with whom he had a dispute regarding the purchase of a truck. After the dealer repossessed the truck, the plaintiff initiated a criminal action against him and the state police seized the truck as evidence. During the time the police (or, more specifically, a body shop on behalf of the police) had possession of the truck, the plaintiff filed a replevin action against the car dealer and the body shop, as a result of which the truck was returned to him. The case then proceeded to trial and the plaintiff was awarded damages for the loss of use of the truck, as well as punitive damages. The Court of Appeals recognized the general rule that "[t]o maintain an action in replevin it has also been necessary to show that the defendant was in actual or constructive possession of the property when the action was commenced," and recognized that the defendant had not been either, but nonetheless held that the trial court properly allowed the replevin action to go forward. Schaefer cites to no authority that contradicts this holding, which was cited favorably just a few months ago in *Romanowski v. Giordano Management Group, LLC*, 896 N.E.2d 558, 562 (Ind.App. 2008).[2]  Therefore, the allegations in the amended

---

[2]Schaefer suggests in his brief that he was unable to proceed with his replevin action during the time the FBI maintained possession of the cels, but he cites to no supporting authority and fails to articulate a cogent legal theory as to why that was the case. Therefore, to the extent that Schaefer intended to argue that the statute of limitations was somehow tolled during the time the FBI had the cels, that argument has been waived. To the extent that Schaefer suggests that new claims for replevin and unjust enrichment accrued at the time Tyson accepted the cels back from the FBI sometime after May 2, 2006, that  argument, too, is without merit. The facts alleged in the amended complaint make it clear that Schaefer is asserting that Tyson took possession of and began to assert ownership over the cels in 1998, thereby both injuring Schaefer by unlawfully retaining the cels and unjustly enriching himself by retaining property for which he had not paid. The fact that the physical location of the cels was with the FBI for some period of time in no way changes that fact. Schaefer's argument that the physical transfer of the cels from the FBI to Tyson created a new cause of action is akin to the argument that the statute of limitations begins to run anew each time another demand for return of the property is

5

complaint demonstrate that, under Indiana law, Schaefer's replevin claim accrued in 1998 and is barred by the statute of limitations.

*Conclusion*

For the reasons set forth above, Tyson's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and Schaefer's amended complaint is hereby **DISMISSED WITH PREJUDICE**.

SO ORDERED:  01/22/2009

                                                  Hon. William T. Lawrence, Judge
                                                  United States District Court
                                                  Southern District of Indiana

Copies to:

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@sommerbarnard.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Maurice J. Salem
SALEM LAW OFFICE
salemlaw@comcast.net

---

made and refused.