UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD T. SCHAEFER, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:08-cv-576-WTL-TAB |
| ) | |
| SCOTT L. TYSON, M.D., ) | |
| ) | |
|   Defendant. ) | |

## ENTRY ON MOTION FOR RULE 11 SANCTIONS

This cause is before the Court on the motion seeking Rule 11 sanctions filed by Defendant Scott L. Tyson. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The facts relating to this case are set forth in the Court's ruling this date granting Tyson's motion to dismiss and need not be repeated here. In the instant motion,[1] Tyson argues that Plaintiff Ronald T. Schaefer's claims in his amended complaint were asserted in violation of Federal Rule of Civil Procedure 11 and therefore Schaefer and his counsel ought to be sanctioned for pursuing those claims.

As the granting of the motion to dismiss indicates, Schaefer's claims were legally without merit. A losing claim is not necessarily a sanctionable claim, however, and while it is a close call, the Court does not believe that Schaefer's assertions were entirely frivolous and therefore sanctionable.

As discussed in the ruling on the motion to dismiss, Tyson correctly argued that Schaefer's replevin and unjust enrichment claims accrued at the time Tyson stopped payment on

---

[1] The Court notes that Tyson fully complied with the notice requirement of Rule 11(c)(2) before filing this motion.

the checks he used to purchase the 19 animation cels at issue, and therefore were time-barred because this case was filed well after the expiration of the applicable statutes of limitation. Schaefer argued in response–incorrectly, but not entirely unreasonably–that his claims did not accrue until Tyson received the animation cels back from the FBI after the criminal proceedings against Schaefer were finally completed because his claims were based upon Tyson improperly taking the cels back from the FBI, not on his initial failure to return them to Schaefer.  Schaefer also suggested that he could not sue Tyson for replevin while the FBI had possession of the cels. Bringing a replevin action–an action for return of property–against someone who does not have the property certainly seems counterintuitive, and it was the Court's research, not Tyson's, that determined that Indiana law does, in fact, permit such an action.  Further, while it is true that Schaefer's fraud claim was doomed from the outset because of the doctrine of witness immunity, the Court notes that Tyson failed to raise that argument himself until the reply brief in support of his motion to dismiss, which suggests that it was not immediately evident even to Tyson's imminently qualified counsel.

Again, the question of whether Rule 11 sanctions are appropriate in this case is a close one, and it was not unreasonable for Tyson to seek them.  However, while the claims advanced by Schaefer and his counsel's arguments in support of them were without merit, the Court does not believe that they were sanctionable.  Accordingly, the motion for Rule 11 sanctions is **DENIED**.

SO ORDERED:  01/22/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification